IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

STEPHANIE STURGEON, *et al.*                                          PLAINTIFFS

V.                      CASE NO. 3:18-CV-214-BD

BRODIE FAUGHN, *et al.*                                               DEFENDANTS

# ORDER

## I. Introduction:

Eleven Plaintiffs filed this civil rights lawsuit in November 2018 under 42 U.S.C. § 1983. They claim that Defendants violated their rights guaranteed by the 4th and 14th Amendments to the United States Constitution. (Docket entry #1, #13, #26) Specifically, Plaintiffs allege that Wynne police officers Brodie Faughn and Brittany Eskridge misused their positions as police officers to bully, harass, and intimidate them by falsely stopping, ticketing, searching and, in some cases, arresting the them. (*Id.*) They further claim that the City of Wynne, Arkansas ("the City") had "a municipal custom of deliberate indifference to a known pattern of excessive and unconstitutional police conduct." (#26 at 16) Plaintiffs seek both compensatory and punitive damages. (*Id.* at 1, 13, #26)

In addition to the City, Plaintiffs also sue Officers Faughn and Eskridge, Mayor Robert Stacy, and Chief of Police Jeff Sanders in both their official and individual capacities and City Council members Billy Fowler, Charles Hamrick, Glenn Hirons,

Buck Morris, Donald Jones, Kenneth Lofton, Mike Hamrick, and Jason Nichols in their official capacities. (#26, #36, #38)[1]

Defendants have moved to try each of Plaintiffs' claims separately (#42), and also, to stay all claims against the City until liability has been established against at least one of the officers. (#43) They cite *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658 (2000) in support of their motion to stay claims against the City. (#43). Plaintiffs have responded to the motion to sever claims (#46); and Defendants have replied (#48).

## II.    Analysis:

### A.    Severing Claims Against Officers

Defendants contend that, while each Plaintiff's claims are factually uncomplicated, trying the claims jointly would result in jury confusion and unfair prejudice. They note that some Plaintiffs have claims against Officer Faughn; some have claims against Officer Eskridge; and some Plaintiffs have claims against both officers. As an alternative to severing all claims against the officers, Defendants suggest that, at the least, the Court should try claims against Defendant Eskridge separately, because only three of the eleven Plaintiffs assert claims against her.

Federal Rule of Civil Procedure 42(b) gives courts broad discretion to bifurcate or sever issues or claims brought in one lawsuit. A number of factors must be considered in deciding whether to sever claims, including: judicial economy, potential prejudice to

---

[1] An official-capacity claim against any Defendant is tantamount to a direct claim against the City; Plaintiffs have nonetheless sued the City as well as City employees in their official capacities.

either party, the likelihood of inconsistent results, the risk of jury confusion, and the preservation of constitutional rights. *Daniels v. City of Sioux City*, 294 F.R.D. 509, 511 (N. D. Iowa 2013) (citing *O'Dell v. Hercules Inc.*, 904 F.2d 1194 (8th Cir. 1990). The party moving bears the burden of demonstrating the need for severance. *Id*.

Discovery has barely begun in this case. At this point, it is impossible for the Court to determine whether there is a nexus between Officer Faughn's and Eskridge's alleged misconduct, although several Plaintiffs have stated claims against both. It is premature to consider whether trying all claims together would lead to unfair prejudice against one or both officers. The request to sever claims against the two officers (#42) is, therefore, DENIED.

B.     **Discovery in Claims against City**

In addition to their request to sever claims, Defendants also ask the Court to stay all claims against the City until after a determination that one or more of the officers is liable. This request would unduly complicate the discovery process and would likely stymie Plaintiffs' ability to gather facts to support their claims against the individual officers.

In any event, the Rules generally allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" so long as the discovery requests are proportional, reasonable, necessary, and not unduly burdensome. FED. R. CIV .P. 26(b)(1).

While the Court has broad discretion to stay discovery, the Defendants, as moving parties, bear the burden to demonstrate the need for a stay. Defendants contend that

*neither* party would be prejudiced by a stay of discovery, (#43-1 at 2); but the claims against the individual officers and the City are so intertwined that it would be difficult for Plaintiffs to investigate their individual claims if they were barred from obtaining information from and about the Mayor, the Chief of Police, and City Council members. Also, staying discovery on claims against the City would likely lead to unnecessary delays and duplication of discovery efforts.

### III.  Conclusion:

The Court has considered the strength of the Plaintiffs' claims, the risk of unfair prejudice to the City, and the early stage of the litigation. FED. R. CIV. P. 26(c); *Benford v. Grisham*, No. 1:18-CV-5-JMB, 2019 WL 1359255, at *1 (E.D. Mo. Mar. 26, 2019). Defendants have not persuaded the Court of the advisability of severing claims or of staying discovery in claims against the City.

Accordingly, the motion to bifurcate (#42) and to stay discovery (#43) are DENIED, without prejudice.

IT IS SO ORDERED this 13th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE