# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

DANA HARRISON;
JAMES O'HARA;
SHANE WILLARD;
CHRISTA HESS;
and ALVIN MILLER                                                           PLAINTIFFS

V.                            CASE NO. 3:18-CV-214-BD

BRODIE FAUGHN;
BRITTANY ESKRIDGE;
ROBERT STACY, Mayor, City of Wynne, Arkansas;
JEFF SANDERS, Chief of Police, City of Wynne, Arkansas;
BILLY FOWLER, City Council Member;
CHARLES HAMRICK, City Council Member;
GLENN HIRONS, City Council Member;
BUCK MORRIS, City Council Member;
DONALD JONES, City Council Member;
KENNETH LOFTON, City Council Member;
MIKE HAMRICK, City Council Member;
JASON NICHOLS, City Council Member; and
CITY OF WYNNE, ARKANSAS                                                    DEFENDANTS

## ORDER

On March 1, 2021, the Court granted, in part, and denied, in part, Defendants' motion for summary judgment. (Doc. No. 100) Because several housekeeping matters remained, a telephonic hearing was held to complete the record for Defendants' interlocutory appeal.

First, Defendants ask the Court to reconsider whether Plaintiff Willard's search waiver served as a waiver to his claim of an illegal stop. (Doc. No. 102) After discussion, Plaintiffs' counsel orally agreed to waive any objection. Accordingly, the motion (Doc.

No. 102) is GRANTED. Plaintiffs will be allowed to present testimony of events surrounding Mr. Willard's stop.

Defendants next move for a ruling on qualified immunity regarding individual Defendants Sanders and Stacy. (Doc. No. 110) To the extent it was not clearly stated in the Court's previous order (Doc. 100 at 14), the motion for summary judgment on qualified immunity as to <u>all</u> defendants is DENIED – including with regard to Mr. Sanders and Mr. Stacy. Plaintiffs submitted a number of documents showing that Defendants Sanders and Stacy were on notice of allegations of officer misconduct, including possible violations of citizens' constitutional rights. (Doc. Nos. 79-7, 79-8, & 79-9) Because questions of fact remain about their knowledge of officer misconduct, Defendants Sanders and Stacy are not entitled to qualified immunity. Likewise, disputed facts remain regarding municipal liability.

Defendants next renew their motion to bifurcate the proceedings. (Doc. No. 112) The motion is DENIED. Judicial economy will best be served by trying the claims and parties together.

The parties agree, and the Court adopts, the following decisions as to Defendants' motion in limine. (Doc. No. 97) Defendants' insurance coverage is inadmissible; therefore, the motion as to this issue is GRANTED. Defendants' motion to limit additional witnesses is MOOT given the Court's previous Order. (Doc. No. 99) Defendants' motion to strike and prohibit the use of Plaintiffs' Exhibits encompassing written complaints is DENIED for the reasons addressed *supra* regarding qualified

2

immunity. Accordingly, the motion in limine is DENIED, in part; MOOT, in part; and GRANTED, in part.

Finally, in a previous Order (Doc. No. 100), the Court granted summary judgment in favor of Defendants on Jessica Lemons's claims. The Clerk of Court is directed to terminate Ms. Lemons as a party Plaintiff.

The Court's scheduling order (Doc. No 101), including all deadlines, is suspended. The July 6, 2021 jury trial will be reset in a new order.

IT IS SO ORDERED, this 25th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE