IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DANA HARRISON,** *et al.*                                                                                           **PLAINTIFFS**

**V.**                               **NO. 3:18-CV-00214-ERE**[1]

**BRODIE FAUGHN,** *et al.*                                                                                           **DEFENDANTS**

## ORDER

The Court has received the mandate of the Eighth Circuit Court of Appeals filed on July 1, 2022 (*Doc. 126*), which requires that the Court dismiss, with prejudice: (1) Plaintiffs James O'Hara's and Christa Hess's individual-capacity claims against Defendant Brodie Faughn; and (1) Each Plaintiff's individual-capacity claim against Defendants Robert Stacy and Jeff Sanders.[2]

In addition, after considering the Eighth Circuit's opinion (*Doc. 124*) and carefully reviewing the record, the case arguably might be narrowed further.[3] See *Thompson v. C.I.R.*, 821 F.3d 1008, 1011 (8th Cir. 2016) (explaining that "when a

---

[1] The parties previously consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 39*. On May 28, 2021, following Magistrate Judge Beth Deere's retirement, this case was reassigned to the undersigned.

[2] For example, each Plaintiff brings individual capacity claims against Wynne City Council members, alleging that they failed to investigate the same record of complaints provided to Defendants Stacy and Sanders. *Doc. 26 at 13*. These individual-capacity claims are possibly impacted by the Eighth Circuit's opinion and conclusion that Defendants Stacy and Sanders are entitled to qualified immunity.

case has been decided by an appellate court and remanded for further proceedings, every question decided by the appellate court, whether expressly or by necessary implication, is finally settled and determined, and the court on remand is bound by the decree and must carry it into execution according to the mandate). However, before making that determination, the Court would like to hear from the parties.

Simultaneously with this Order, the Court enters a Final Scheduling Order setting this case for a jury trial on September 12, 2022 and establishing other pretrial deadlines.[4] The Court directs the parties, in filing their Joint Status Report, which is due by July 20, 2022, to: (1) identify the parties that remain in the case; (2) state what claims remain for trial; (3) indicate their best estimate for how long the trial should last; and (4) address any other matters bearing upon the efficient and fair resolution of this case. The parties should indicate whether they agree on these issues. As to any disagreement, they should each explain their respective position and, if appropriate, provide any supporting legal authority.

IT IS THEREFORE ORDERED that pursuant to the Eighth Circuit's mandate (*Doc. 126*) summary judgment is GRANTED in favor of: (1) Defendants Brodie Faughn, as to claims against him in his individual capacity by Plaintiffs James O'Hara and Christa Hess; and (2) Defendants Robert Stacy and Jeff Sanders, as to

---

[4] Due to the age of this case, time is of the essence in scheduling this matter for trial. However, if the parties are unavailable that week, they should promptly notify the Court in writing, no later than five (5) days from this Order.

all claims against them in their individual capacities. These individual capacity claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the parties are directed to file, by July 20, 2022, a joint status report as described in this Order.

DATED this 6th day of July, 2022.

_____
UNITED STATES MAGISTRATE JUDGE